**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ARGELIA LUNA CARREON, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| FIESTA MART, LLC, | § | |
| *Defendant.* | § | |

**Defendant Fiesta Mart, L.L.C.'s Notice of Removal**

Defendant Fiesta Mart, L.L.C. ("Fiesta") hereby removes this action from the 240th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division pursuant to and in accordance with 28 U.S.C. §§ 1332, 1441, and 1446. As grounds for removal, Fiesta states as follows:

**I.
Facts**

1. On September 1, 2020, Plaintiff Argelia Luna Carreon ("Plaintiff") filed a lawsuit in the 240th Judicial District Court of Fort Bend County, Texas, styled *Argelia Luna Carreon v. Fiesta Mart, L.L.C.,* and bearing Cause No. 20-DCV-276339.[1]

2. Plaintiff seeks to recover damages arising from an alleged incident that occurred on October 27, 2019 at Fiesta's store. Plaintiff seeks damages for "negligence and/or negligence per se" and premises liability."[2] She seeks monetary relief in an amount over $200,000 not to exceed $1,000,000.[3]

---

[1] *See generally* Exhibit 3, Plaintiff's Original Petition.

[2] *See id.* at pp. 2–3.

[3] *Id.* at p. 2.

## II.
## Timeliness of Removal and Consent of Defendant

3. Fiesta was served on January 29, 2021.[4] Fiesta timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b)(1).

4. Fiesta is the single defendant in this suit and, accordingly, no other defendants are necessary to join in, or consent to, this removal pursuant to 28 U.S.C. § 1446(b)(2)(A).

## III.
## Venue

5. The 240th Judicial District Court of Fort Bend County, Texas is located within the Southern District of Texas, Houston Division. Venue for removal is proper in this district pursuant to 28 U.S.C. § 1446(a) because the state court in which this action has been pending is located in this district and division.

## IV.
## Diversity Jurisdiction

6. A civil action initially filed in a state court is removable if the action is one over which "the district courts of the United States have original jurisdiction . . . ." 28 U.S.C. § 1441(a). District courts "have original jurisdiction of all civil actions where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

7. This action is removable because (1) this action is between a citizen of Texas and a citizen of different states (Delaware and California) and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1).

**A.** **Diversity of Citizenship**

8. Diversity exists when the amount in controversy is $75,000 and the citizenship of

---

[4] Exhibit 2, Executed Citation for Fiesta.

2

each plaintiff is diverse from the citizenship of each defendant. 28 U.S.C. § 1332(a)(1).

### i. *Plaintiff's Citizenship*

9. Plaintiff alleges she is a resident of Texas.[5]

10. Accordingly, Fiesta is informed and believes that Plaintiff was a citizen of the State of Texas at the time she filed and served her Petition, and that Plaintiff continues to be a citizen of the State of Texas as of the filing of this Notice of Removal. *See Stine v. Moore*, 213 F.2d 446, 488 (5th Cir. 1954).

### ii. *Defendant Fiesta's Citizenship*

11. Fiesta is a citizen of the State of Delaware and the State of California. Fiesta is now, and was at the time the case commenced, diverse in citizenship from Plaintiff.

12. Fiesta is a limited liability company. Its citizenship is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

13. As explained in the affidavit of Mr. Michael Saltzstein, the sole member of Fiesta Mart, L.L.C. is Bodega Latina Corp.[6] Bodega Latino Corp. is a corporation incorporated under the laws of the State of Delaware with its principal place of business, now and when the case commenced, in California.[7]

14. The corporate structure of Fiesta has not changed since the time Mr. Saltzstein's affidavit was executed. Because Fiesta takes the citizenship of its sole member, Fiesta is therefore a citizen of Delaware and California and of no other state. *See Harvey*, 542 F.3d at 1080.

15. Complete diversity exists as the parties are citizens of different states. 28 U.S.C. §

---

[5] *See* Exhibit 3, p. 1.

[6] Exhibit 7, Affidavit of Michael Saltzstein, ¶ 3

[7] *Id.*.

1332(a)(1).

## B. The Amount In Controversy Exceeds $75,000.

16. Fiesta demonstrates herein that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a); *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003). The amount is controversy is established on the face of the complaint and the dollar-amount actually claimed. *See id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *see also Allen v. R & H Oil and Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

17. Plaintiff's pleading alleges damages "only monetary relief of over $200,000.00 but not more than $1,000,000.00."[8] Accordingly, on the face of Plaintiff's pleading, the amount in controversy exceeds $75,000, and the jurisdictional requirement is satisfied. *See Lopez v. Wal-Mart Stores, Inc.*, No. CV-B-15-174, 2016 WL 1104884, at *3 n.2 (S.D. Tex. Jan. 15, 2016) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)).

18. Notably, Plaintiff filed an amended pleading on January 29, 2021, amending her statement of damages to be for "money damages, personal property, or other relief allowed by law of $100,000 or less . . . [s]pecifically, no more than $75,000 in liquidated damages."[9] This amount does not control. Section 1446 specifically commands that "the sum demanded in good faith in the <u>initial</u> pleading shall be deemed to be the amount in controversy." *See* 28 U.S.C. § 1446(c)(2) (emphasis added). Once federal jurisdiction is established, subsequent events reducing the amount in controversy to less than $75,000 generally does not divest the Court of original jurisdiction. *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir. 2000).

19. Even further, *even if* Plaintiff's amended pleadings *could* control, which it does not

---

[8] Exhibit 3, p. 2.

[9] *See* Exhibit 4, Plaintiff's First Amended Petition, p. 2.

4

based on Section 1446, Plaintiff's pre-removal amendment should be considered in bad faith and disregarded. *See Morales v. Allstate Texas Lloyds*, 410 F. Supp. 3d 816, 819 (pleadings will not control the amount in controversy when made in bad faith)*; see also Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (when a pleading does not control, a defendant can show the amount in controversy exceeds $75,000 by showing the nature of the claims are likely to exceed the jurisdictional amount or submit evidence that supports the amount).

20. Plaintiff's initial pleading sought damages up to one million dollars.[10] Plaintiff thereafter waited four months to amend her pleadings, and before attempting service on Fiesta, from up to one million dollars to less than $75,000, and at that time effectuated service on Fiesta. In addition to her initial pleading, the amount in controversy is also evidenced by the pre-suit demand Plaintiff served on Fiesta of over $104,537.05.[11] Plaintiff based her demand on alleged claims for medical expenses, $35,000 in severe pain and suffering and mental distress, $35,000 for "activities under duress," and $13,000 in future medical expenses.[12] In the event Plaintiff's original pleading does not control, Fiesta establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.

## V.
## Notice

21. Pursuant to 28 U.S.C. § 1441(d), and to effect removal, Fiesta, as the removing party, will promptly give all parties notice of the filing of this Notice of Removal. Fiesta will contemporaneously file with the clerk of the state court a notice of the filing of this Notice of

---

[10] *See* Exhibit 3, p. 2.

[11] Exhibit 9 (to be filed under seal), Plaintiff's Pre-suit Demand, p. 2.

[12] *Id.*

Removal.[13]

## VI.
## Exhibits to Notice of Removal

22. As required by 28 U.S.C. § 1446(a) and Local Civil Rule 81 for the United States District Court for the Southern District of Texas, Fiesta has attached to this Notice of Removal the following numbered exhibits:

Exhibit 1:  Local Rule 81 Index;

Exhibit 2:  Executed Citation for Fiesta;

Exhibit 3:  Plaintiff's Original Petition;

Exhibit 4:  Plaintiff First Amended Petition and Requests for Disclosure.

Exhibit 5:  Fiesta's Original Answer;

Exhibit 6:  The Docket Sheet of the 240th Judicial District Court of Fort Bend County, Texas for Cause No. 20-DCV-276339, *Argelia Luna Carreon v. Fiesta Mart, L.L.C.*;

Exhibit 7:  Affidavit of Michael Saltzstein;

Exhibit 8:  A copy of the Notice of Removal to be filed in state court; and

Exhibit 9:  Plaintiff's Pre-Suit Demand (redacted version filed and unredacted version to be filed under seal).

## CONCLUSION

Defendant Fiesta Mart, L.L.C. respectfully removes this action from the 240th Judicial District Court of Fort Bend County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

---

[13] A copy of the notice to be filed is attached hereto as Exhibit 8.

Respectfully submitted,

**ADAMS AND REESE LLP**

By:   */s/ W. David Toney*
     W. David Toney
     Fed. Bar. ID No. 17174
     State Bar No. 00797561
     Chelsea J. Lu
     Fed. Bar. ID No. 3144205
     State Bar No. 24095439
     1221 McKinney Street, Suite 4400
     Houston, Texas 77010
     (713) 652-5151
     (713) 652-5152 Facsimile
     david.toney@arlaw.com
     chelsea.lu@arlaw.com

*Attorneys for Defendant,*
*Fiesta Mart, L.L.C.*

## CERTIFICATE OF SERVICE

     The undersigned attorney certifies that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court by using the CM/ECF system and a copy of same is being served on counsel of record via email on this the 1st day March, 2021.

Annie Basu
Jordan Sloane
BASU LAW FIRM, PLLC
P.O. Box 550496
Houston, Texas 77255
(713) 460-2673
(713) 690-1508 Facsimile
info@basulaw.com

                        */s/ W. David Toney*
                        W. David Toney