# EXHIBIT 3

Filed
9/1/2020 3:00 PM
**Beverley McGrew Walker**
District Clerk
Fort Bend County, Texas
Ashley Alaniz

CAUSE NO. **20-DCV-276339** _____

| | | |
|---|---|---|
| **ARGELIA LUNA CARREON** | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff* | § | Fort Bend County - 240th Judicial District Court |
| | § | |
| V. | § | \_\_\_\_\_ JUDICIAL DISTRICT |
| | § | |
| **FIESTA MART LLC** | § | |
| | § | FORT BEND COUNTY, TEXAS |
| *Defendant* | § | |

**PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff Argelia Luna Carreon, and files her Original Petition, complaining of Defendant **FIESTA MART LLC** for cause of action would respectfully show unto the Court the following:

## I. LEVEL

Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190.

## II. PARTIES

Plaintiff Argelia Luna Carreon, is a resident of Houston, Harris County, Texas.

Defendant, **FIESTA MART LLC** is a Texas Corporation doing business in Harris County, Texas. Defendant may be served with process by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

### III. <u>VENUE</u>

The subject matter in controversy is within the jurisdictional limits of this court. Plaintiffs seek:

    a.    only monetary relief of over $200,000 but not more than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

### IV. <u>FACTS</u>

This suit is brought under and by virtue of the laws of the State of Texas to recover those damages which Plaintiff is justly entitled to receive as compensation for injuries she sustained in an incident that happened on or about October 27, 2019. On that date, Plaintiff, an invitee slipped and fell on negligently maintained premises located at 333 S. Mason Rd, Katy, Texas 77450 in Fiesta Mart Store number 66. The premises owned by Fiesta Mart was negligently maintained. On the date of the incident, the premises were under the custody and control of the Defendant that resulted in severe injuries. The Defendant failed to warn Plaintiff of the dangerous condition and failed to make the dangerous condition safe for Plaintiff prior to her fall.

### V. <u>NEGLIGENCE</u>

The occurrence made the basis of this suit and the resulting injuries and damages were proximately caused by the negligence and/or negligence per se of the Defendant, for a variety of acts and omissions, including but not limited to one or more of the following:

    1.    In failing to properly maintain said premises in a reasonable manner;

    2.    In failing to properly maintain said premises in a safe manner;

3. In failing to exercise caution;

4. In failing to provide warning; and,

5. In maintaining said premises in a reckless and careless manner.

Each and all of the above acts and/or omissions constituted negligence and each and all were the proximate cause of the following made the basis of this suit and the injuries and damages suffered by the Plaintiff herein.

## VI. PREMISES LIABILITY-INVITEES

The occurrence made the basis of this suit and the resulting injuries and damages were caused by the Defendants' failure to properly maintain said premises in a safe manner. Plaintiff would show that:

1. The plaintiff was an invitee;

2. The defendant was a possessor of that premises;

3. A condition on the premises posed an unreasonable risk of harm;

4. The defendant knew or reasonably should have known of the danger;

5. The defendant breached its duty of ordinary care by both:

    a. Failing to adequately warn the plaintiff of the condition, and

    b. Failing to make the condition reasonably safe; and

6. The defendants' breach proximately caused the plaintiff's injuries.

## VII. DAMAGES

At the time of trial of this cause, Plaintiff shall ask the Court to submit the following elements of damage for consideration of what sum of money, if paid now in cash, would fairly and

reasonably compensate her for her damages. These injuries and damages, which are a direct, proximate and/or producing result of Defendant's conduct, are as follows: As a result of Defendant's negligence, Plaintiff sustained the following damages:

1. Physical pain and mental anguish, past and future;

2. Medical expenses, past and future;

3. Disfigurement, past and future;

4. Physical impairment, past and future; and

5. Out of pocket expenses.

## VIII. JURY TRIAL

Plaintiff respectfully requests a trial by jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer and that upon final hearing, Plaintiff, recover judgment against the Defendant for her damages as they may appear at trial hereof, together prejudgment and post-judgment interest, costs of court, and such other relief to which Plaintiff may be entitled.

Respectfully submitted,

**BASU LAW FIRM, PLLC**

/S/Annie Basu

Annie Basu
State Bar No. 24047858
P. O. Box 550496
Houston, Texas 77255
Tel: 713-460-2673
Fax: 713-690-1508
info@basulaw.com
**ATTORNEY FOR PLAINTIFF**

## REQUESTS FOR DISCLOSURE

Pursuant to the provisions of Tex. R. Civ. P. Rule 190.3, Plaintiff serves upon Defendant, Texas Rule of Civil Procedure 194 Request for Disclosure. You are hereby requested to disclose the information or material described in Rule 194.2(a); 194.2(b); 194.2(c); 194.2(e); 194.2(f) (1), 194.2(f)(2), 194.2(f)(3), 194.2(f)(4)(A), and 194.2(f)(4)(B); 194.2(g); 194.2(h); 194.2(i); 194.2(j),194.2(k) and 194.2 (l) within fifty days of your receipt of this document, by sending your responses to Annie Basu, P. O. Box 550496, Houston, Texas 77255.

/s/Annie Basu

ANNIE BASU